IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DIRK S. ADAMS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIDORI E. GISSELL, TRENT JOHNSON, LARRY JOHNSON, *et al.*,<br><br>　　　　　　Defendants. | CV 20-135-BLG-SPW-TJC<br><br>**ORDER** |

　　　Before the Court is Defendant Midori E. Gissell's unopposed motion to set aside entry of default and to approve the filed answer. (Doc. 14.) Plaintiff having requested Entry of Default (Doc. 8), the Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a) as to Gissell for failure to appear, plead, or otherwise defend within the time allowed. (Doc. 9.) Gissell subsequently answered the Complaint. (Doc. 10.)

　　　Entry of default under Rule 55(a) cuts off a defendant's right to appear in the action. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927). The entry of default is not a judgment, but the first step in the process which may lead to a default judgment under Rule 55(b). *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1119 n. 4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default

judgment).  The Court may also set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  To do so is left to the discretion of the court.  *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).

Here, Plaintiff does not oppose the Defendant's motion and has indicated to Gissell that he wishes to amend the complaint, which Gissell apparently does not oppose.  Therefore,

**IT IS ORDERED** that Entry of Default (Doc. 9) is SET ASIDE and Defendant Midori E. Gissell's Answer (Doc. 10) shall stand as filed.

DATED this 9th day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge