IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DIRK S. ADAMS,<br><br>  Plaintiff,<br><br>vs.<br><br>MIDORI E. GISSELL and LARRY JOHNSON,<br><br>  Defendants. | CV 20-135-BLG-SPW-TJC<br><br>**ORDER** |

On September 8, 2020, Plaintiff brought this action against Defendants alleging various causes of action relating to personal and real property. (Doc. 1.)

Presently before the Court is nonparty Miki Adams' ("Miki") motion to intervene and motion for protective order and order quashing subpoena. (Doc. 54.) Miki is Plaintiff's ex-wife and Defendant Midori Gissell's mother. Miki is not a party to this action. She moves to intervene in this action for the sole purpose of seeking a protective order and quashing the subpoena issued by Plaintiff to Wells Fargo Bank on January 6, 2022, seeking production of "any and all bank statements" for which Miki is a signer from May 1, 2020, to December 31, 2021. (*See* Doc. 53 at 10.)

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Generally, the scope of

1

discovery is broad and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A district court may, however, forbid disclosure or discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(A).  "While discovery is a valuable right . . . restriction[s] may be broader when a nonparty is the target of discovery."  *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

Motions to quash subpoenas are governed by Federal Rule of Civil Procedure 45.  Rule 45(d)(3) provides, in relevant part, that a district court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter."  "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. Dec. 7, 2005) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. Jan. 23, 2003)).  The scope of discovery under a subpoena is identical to the standards in Rule 26(b), and thus, "the court must examine whether a request contained in a subpoena is overly broad and seeks irrelevant information."  *Goodyear Tire*, 211 F.R.D. at 662.

Here, the Court finds that Miki has made an adequate showing that the information sought by the subpoena is irrelevant and may be privileged. In Plaintiff's "preliminary response" he provides no explanation as to how his ex-wife's bank records are relevant to the claims made in his complaint. Further, Plaintiff's claims stem from incidents that predominantly occurred in 2019 and 2020, yet he seeks Miki's bank records from May 2020 to December 2021. Plaintiff notes that Miki is listed as a witness for the Defendants, but that does not make the information relevant, or allow Plaintiff to seek her confidential, private information. At this juncture, the Court fails to see how Miki's bank records have any relevance to Plaintiff's lawsuit, especially for dates after the alleged incidents in the complaint occurred.

The Court will, therefore, quash the subpoena issued to Wells Fargo Bank on January 6, 2022, seeking production of Miki's bank statements. Nevertheless, the Court will allow Plaintiff the opportunity to demonstrate that the information sought by the subpoena is relevant to his claims and not subject to privilege. If he is able to do so, the Court will consider allowing the subpoena to be reissued.

Plaintiff will also be given the opportunity to respond to Miki's request that sanctions be imposed, including attorney fees and costs incurred in responding the issuance of the subpoena.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Miki's motion for a protective order and to quash (Doc. 54-2) is **GRANTED in part**. The subpoena to produce documents issued to Wells Fargo Bank for the bank records of Miki Adams and/or Miki Gissell is **QUASHED**.

2. Plaintiff may respond to Miki's motion for a protective order and in support of a request to reissue a subpoena for the bank records of Miki Adams or Miki Gissell. Any such request must be filed within 14 days, and must show the relevance of the documents requested to any matter at issue in this case, and that the documents are not otherwise privileged.

3. Plaintiff shall respond to Miki Adams' request for sanctions, including fees and costs incurred, within 14 days of this order.

DATED this 7th day of February, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge